*240
 
 Johnson, J.
 

 The appellant, Babcock, by his petition, raises no question, upon the regularity of the judgment under which he has purchased, in respect to bringing in or notifying the proper parties. His position is, either that the terms of the statute
 
 (Laws of
 
 1855,
 
 ch.
 
 327) do not warrant the conveyance of a fee in a case such as this, or, if they do, that the act is .unconstitutional. The general purpose of the act appears to be to provide a remedy for an evil existing in respect to lands in cities or villages which had been or might be sold, or were or should become liable to be sold, for. a term of years, to satisfy a tax or assessment imposed thereon. The evil appears to have been that there was no adequate remedy by which to compel a just and equitable apportionment of such tax or assessment upon the several present, future and presumptive interests in such real estate, and the payment thereof or the redemption of the real estate, if it had been sold. The act undertakes to provide that remedy where there are several persons interested, at law or in equity, in any real estate so situated, either as owning estates therein, in possession, reversion or remainder, or as being presumptively entitled, by virtue of any deed or will, to such estates, on the death of any person in being, or upon the happening of any contingency in such deed or will specified. Any person so interested in such real estate may bring such an action. In that action the Supreme Court are intrusted with power to order a sale, in fee simple absolute, of such real estate or any part thereof. The fourth section declares that whenever, in any action to which all persons having vested estates at law or in equity shall have been made parties, or shall have been proceeded against as unknown owners, as provided in the third section, a sale shall be had, as before mentioned, by order of the court, such sale shall vest inythe purchaser a fee simple absoluto at law or in equity. The third section provides for notice by publication, under the order of the court; if any person so interested, as aforesaid, in such real estate is unknown, or
 
 *241
 
 u either of the known parties to the action, infant or adult, resides out of the state, or cannot, on inquiry, be found therein, such publication authorizes a judgment, by default, against all such unknown persons and parties, not resident in the state or not found therein, who do not appear and answer in the action. The provision giving a fee simple absolute to the purchaser, when all persons having vested interests were made parties or had been duly proceeded against as unknown owners, was taken in substance from the act of 1841 on the same general subject
 
 (Laws of
 
 1841,
 
 ch.
 
 341, § 2), the third and fourth sections of which are made applicable to actions under the law of 1855, and its language becomes highly significant when taken in connection with section two of the act of 1842
 
 (Laws of
 
 1842, 191,
 
 ch.
 
 154), which is impliedly made inapplicable to actions under this statute by the direct adoption of its third section as applicable.
 
 (Laws of
 
 1855, 539,
 
 ch.
 
 327, § 6.) That omitted section gave to the purchaser the entire estate, present and future, of all the parties to the suit. I think it, then, not doubtful that the legislative intention was, that a sale under the act of 1855 should give an absolute title, and should cut off unvested estates as well as vested estates. A similar effect is produced upon a sale under the statute as to partition (2
 
 R. S.,
 
 327, 330, §§ 61, 81), and upon a mode of notice from which that provided in this act is almost literally taken. (2
 
 R. S.,
 
 253, § 84,
 
 2d ed.; Laws of
 
 1831,
 
 ch.
 
 200.) That such a provision is proper to be made, is as evident in this case as it is in partition. The tax or assessment is a lien on the land, and under that lien a term for years may be created, so long as completely to cut off the practical enjoyment of any estate in the land for many generations. It may happen, where there exists a divided ownership, that it would be highly unjust that the owner qf a life estate should be compelled to bear the whole burden of an assessment; and where, as in this case, it is legally uncertain whether the next estate will ever take effect,
 
 *242
 
 because, whether it ever will or not depends upon the birth of children to Mrs. Jackson, and their surviving her, the only way in which substantial justice can be effected is by throwing the burden upon the estate itself. The effect of the whole operation of the act is, that the burden falls upon those who ought to bear it, and a change is effected merely in the kind of property which the parties have, and not in the extent of their interest. This change is authorized by the state for the protection of the future property owner, who, not being yet born, cannot well protect himself. What has been already said is sufficient to show that the power which the legislature exercised, in passing this act, is of the same nature as that which has been for many years exercised in the case of sales of infants’ real estate, and of other dealings
 
 with the
 
 estates of persons under an incapacity to act for themselves. It is a salutary power, when exercised under due restrictions, and its existence cannot be questioned. In the form in which it at present stands, the act may furnish too convenient means for selling lands otherwise inalienable, but that is matter of legislative consideration.
 

 I think the order appealed from should be affirmed, with costs.
 

 All the judges concurring,
 

 Judgment affirmed.